**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BISCUT HABTE,
Petitioner,

v.

No. 97-1918

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-704-648)

Submitted: November 25, 1997

Decided: December 19, 1997

Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William H. Rhodes, Arlington, Virginia, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Joan E. Smiley, Senior Litiga-
tion Counsel, Tina Potuto, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Biscut Habte petitions for review of a final order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

Habte, who entered the United States in May 1993 as a student, contends that the Board erred by holding that she failed to establish a well-founded fear of persecution for her political beliefs if she returns to Ethiopia. She maintains that while the political climate has changed in Ethiopia, there is still a pattern of persecution of people who oppose the Ethiopian government.

We must uphold the Board's determination that Habte is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). See also Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992) (holding that petitioner must show concrete facts that would lead a reasonable person in like circumstances to fear persecution); Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989) (holding that petitioner must show a genuine fear of persecution). Upon thorough review of the record, we conclude that the Board applied the proper standard in evaluating Habte's claim and that substantial evidence supports its decision to deny relief.

Although Habte presented enough evidence to establish that she had been subject to persecution in the past, a preponderance of the evidence establishes that since 1993 conditions have changed in Ethiopia. The State Department reports that the Ethiopian government has taken steps to improve its human rights practices and that as of 1994, full political rights were restored to those who were allegedly perse-

2

cuted because of their political beliefs. Habte relies upon an Ethiopian Human Rights Council report to support her claims. The State Department warns that publications from that organization may lack credibility. Consequently, Habte no longer has a well-founded fear of being persecuted based on her alleged political membership. <u>See</u> <u>Berroteran-Melendez v. INS</u>, 955 F.2d 1251, 1256 (9th Cir. 1992) (regarding "well-founded fear of persecution").

The standard for withholding of deportation is more stringent than that for granting asylum. <u>See INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." <u>Id.</u> at 430. As Habte has not established entitlement to asylum, she cannot meet the higher standard of withholding of deportation.

We accordingly affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3